Good morning, may it please the Court. My name is Stacey Tolchin and I'm representing Petitioner Juan Pablo Huerta, who is currently in Mexico after having been removed in 2008. Present with me today is his U.S. citizen wife, Yesenia Acosta, and his family. I would like to reserve three minutes of my time for rebuttal. Petitioner seeks review of the Board of Immigration Appeals' denial of his motion to reopen based on ineffective assistance of counsel. It's first important to recognize what is no longer before the Court. The government has conceded that the Board of Immigration Appeals applied an improper standard in determining whether Petitioner suffered prejudice due to ineffective assistance of counsel. The government does not argue that the offense under Penal Code 12034B is categorically a crime involving moral turpitude. The government no longer argues that this case is moot because Petitioner has been physically removed. And because of Reyes-Torres and Coit, there no longer is an issue as to whether the Board of Immigration Appeals had jurisdiction over the motion to reopen. Therefore, the only remaining issue is whether Petitioner suffered ineffective assistance of counsel due to Gary Finn, his prior counsel's, in order to appeal the moral turpitude issue to the Board of Immigration Appeals. Yeah, this is where we all have questions. I have a question on that. Is that an issue that we should consider in the first instance, or is it something that we have to send back to the BIA? Your Honor, I concede that under Marmoleo Compost, this is an issue that the Board actually is the authority on. The Board ducked the issue entirely for three reasons. I do think that they have to take the first stab on it. Counsel, may I ask you, you said the government no longer contends that the crime is one involving moral turpitude. Is that categorically? They don't argue it. In their footnote, they concede that the Board denied the ineffective assistance of counsel claim for three reasons. One was that they say Petitioner failed to cite cases before the 2005 Board decision, and Respondent concedes that actually wasn't true. So they don't make the argument on the 12034B issue. They just concede basically the Board should have addressed it. It's a little bit confusing because the law changed, right? At the time when the petition was before the Board, when the issue was before the Board, there was no clear law. Was there? I mean, specifically addressing whether or not this crime was a crime involving moral turpitude. That's true, Your Honor. There is no law on it, but NARAV has always set forth the standard for a crime involving moral turpitude, something that is base, moral, depraved, contrary to accepted moral standards. Given that this is a conviction that requires only knowledge and is a general intent crime and not a specific intent crime, this was an issue that the Board should have addressed. And under case law, the Board should have at least applied the modified categorical approach, and it failed to do so. So what happens when it goes back to, if it were to go back to the BIA? The Board would need to address whether this conviction is a crime involving moral turpitude, either categorically or based on the modified categorical approach. It also needs to address equitable tolling. It didn't do that because it found there was no ineffective assistance of counsel. And if it concludes that there is ineffective assistance of counsel based, and the time is told, then it needs to apply the proper prejudice standard. It applied the prima facie standard, which is indisputably the wrong standard and was too high. But isn't it, I mean, wouldn't we be able to say that this was ineffective assistance of counsel since the counsel failed to timely file the motion to reopen and he would have been eligible for relief? Absolutely, Your Honor. Excuse me if I didn't say that. This was ineffective assistance of counsel because he failed to preserve eligibility. The issue of whether 12034B is a moral turpitude offense actually probably goes to prejudice, and that is something that they do need to look at again because they had the wrong standard. So we could say this was ineffective assistance of counsel, but then remand for the prejudice determination? Yes, Your Honor. As well as, I have to say, equitable tolling because they did never address the issue there. Yeah, they didn't. They only addressed whether or not he had complied with Lozada. Right. And then they said yes. Right. Right. There was no dispute on that. For some reason, they didn't want to address the issue. And, you know, the matter of Sloan test has existed since 1944. They always apply the test, and there's no case law on it. They need to address it. But, okay, would you explain to me how this is ineffective? Would it have made a difference if this issue had been raised before the board? Tell me how it would have made a difference. Yes, Your Honor. There's a case called Matter of Rainford, which is a standard BIA case that sets forth that a permanent resident deportable for a firearms offense is eligible for adjustment of status because there's no ground of inadmissibility for a firearms offense. This was that case. The only barrier to it was the immigration judge's finding that the 12034B conviction was a crime involving moral turpitude. Had this issue been raised, this would have been a classic Matter of Rainford case. I might also add at page 176 of the record, Mr. Finn actually stated that Petitioner was married to a U.S. citizen with a child. In fact, they were not married until one month after the board decision, but the relationship had been going on for a decade already, and it was Mr. Finn's belief that they were already married. So he was on notice of this eligibility for adjustment of status. Again, this is a classic Matter of Rainford case. But, you know, the board talked about in its decision about some strategic decision but didn't explain what they meant by that. Do you have any idea what they might have been contemplating? Right, Your Honor. Mr. Finn never responded to the allegations against him, and if the board sets forth it might be a tactical decision. I cannot figure out what it is. I have to say, just as a practitioner, the board does this routinely where they deny ineffective assistance of counsel claims based on tactical reasons, thinking I believe they can circumvent this Court's case law. But what do you think they're thinking? They're thinking that Finn was purposely ineffective? They're thinking he may have had a reason. The only reason I would ever contemplate to not raise an issue if it's completely on point by prior precedent. Obviously, there was nothing on 12034-E. Even then, good lawyers sometimes raise it to preserve it. Right, absolutely. Not required to, but certainly could. But here, again, permanent resident, married to a U.S. citizen, deportable for a firearms offense, that is Matter of Rainford. So, honestly, I think he did not act competently. That's what happened. I'd like to reserve my remaining time.  MS. KANTOR. Your Honors, may it please the Court. Nancy Kantor on behalf of the Attorney General. The petition for review should be denied because Petitioner has not and cannot demonstrate that prior counsel's decision not to challenge the agency's CIMT finding constitutes ineffective assistance of counsel. I'd like to speak briefly to Your Honors' questions regarding what the BIA might have been thinking when it denied Petitioner's motion to reopen, finding that prior counsel made a tactical decision. In 2000 — well, following the immigration judge's decision in August of 2003 and throughout the proceedings before the Board, Petitioner was not married. So in this case, in order to — in order for prior counsel's conduct to have to — may have affected removal proceedings, one, he must have raised the CIMT issue. Petitioner had to have been married. He has to overcome INA 245e's presumption that marriages entered into during removal proceedings are a fraud. Petitioner would have to apply for adjustment of status and be granted adjustment of status, notwithstanding his two firearm convictions. And prior counsel would have had to prevail on the CIMT challenge, which to this date, neither the Board nor this Court have determined whether or not discharge of a firearm conviction constitutes CIMT. It's a critical step in all of that, getting a determination either by the Board or by us that this particular offense was not a crime involving moral turpitude. I disagree, Your Honor. Why? In this case, because Petitioner was not married, so he was not eligible for adjustment of status. Unlike in Singh v. Holder, where the — where the prior counsel has an obligation to preserve the opportunity to raise these issues, Petitioner here was never married. During removal proceedings, he was not married and, therefore, was not eligible. What do we do with the statement in the record that — where he — he asked his attorney — he asked Finn, I guess it was, would it make a difference if I got married — if we got married? Well, I don't think that's an effective system of counsel, Your Honor. And then Finn says it wouldn't make any difference. Finn says, I don't think it would help. I don't think it would help. I don't think that — and, Your Honor, I don't think that's IAC because — I don't think that's IAC because Finn is not saying do not get married. Finn, as an immigration practitioner, knows that marriages entered into during removal proceedings are presumptively fraudulent. Right. That's a presumption, however. And if you're living — you've been living together for 10 years and you have a child together, I think that presumption might be able to be overcome. Absolutely, Your Honor. But in this case — So for him to just categorically say no. Well, Finn did not say it would hurt your case to get married. He just says, I don't think it would help, which I don't think is an unreasonable — it's an unreasonable decision for him to make as an immigration practitioner that, one, you have a — you have one felony conviction that is — that could be a CIMT based on the IJ's decision, and you have an aggravated felony which renders you removable. So Finn challenged the aggregated felony. And even if he had challenged the CIMT, because he was not married, the board likely would have denied his — denied his appeal based solely on the ag file. You know what the problem with that argument is to me? It's that we just don't know, do we? Because Finn didn't zealously pursue his client's case before the immigration authorities. I mean, we don't know what it would have done. And you're right. We don't have a ruling on the CIMT issue, and that's in part because it wasn't pressed. Well, Your Honor, I disagree. I believe that Finn's decision was a sound tactical decision given the fact that he was not married, was in removal proceedings, and any marriage entered into during removal proceedings is presumptively fraudulent. I think counsel can make a tactical decision not to pursue that avenue of relief when he decides to challenge the immediately removable offense of the ag file. What's the standard? What do we look to to determine whether or not there's an effective assistance  Does counsel have to pursue every possible avenue of relief? What do we look to? I don't believe that counsel has to pursue every possible avenue of relief. I believe or any – I think, Your Honor, in immigration proceedings, there is a lower bar for effectiveness of counsel. Regardless, I personally believe that counsel should pursue every avenue of relief available to an alien. In this case, though, Finn – Especially a resident alien. Somebody who's been here since they were a child. Sure, Your Honor. I mean, I think counsel has an obligation to pursue every available avenue of relief. Because Petitioner was not married, however, adjustment of status and whether or not he – the issue of admissibility was not an issue for – was not an issue It was not really available for him because he wasn't married. You're absolutely correct, Your Honor. Unless the Court has any other questions, Your Honor, the government Is it available to him now? Excuse me? Is it available to him now? Was it available to him when – during the period of the – when a motion to reopen was timely? The motion to reopen was – had he filed a motion to reopen within 90 days of the Board's initial decision, he could have sought adjustment of status. That's correct. That's the point. That's the ineffective assistance, that he didn't do that. Your Honor, Petitioner's – Petitioner's only argument is that Finn rendered ineffective assistance of counsel because he failed to challenge the CIMT during the pendency of removal proceedings. He presents no argument with respect to whether or not he filed a motion to reopen within 90 days. Let me ask one other – let me ask you one other question. A couple other. You – if we were to send this case back to the BIA, what – what would it go back on? Well, Your Honor, I think if this case goes back to the BIA, there are two issues aside. One, whether or not Petitioner demonstrated due diligence when he waited over three years after the Board's final decision to seek reopening. And the Board just didn't address that issue? No, Your Honor. The Board did not. So I believe as an initial matter, if the case goes back, that's what the Board needs to decide. First on the table. Yes. Only if the Board decides that Petitioner did demonstrate due diligence would proceedings then be reopened, at which point the CIMT, whether or not his discharge of a firearm conviction is a CIMT, would be on the table. But I believe as a threshold matter, the due diligence needs to be decided. Okay. How about the issue of ineffective assistance? Well, I think the Court – the Board has already decided ineffective assistance. I think that would be – Then it would be – so then if they've already – if we – if you're correct that they've already decided ineffective assistance, then it's on the table for us. Well, yes, Your Honor. It is on the table for you. So if it went back to the Board, it would be because this Court finds that there was ineffective assistance of counsel. And so the issue before the Board on remand would be due diligence. Only after it's determined that Petitioner rendered due – or Petitioner exercised due diligence in pursuing his ineffective assistance of counsel claims would proceedings be reopened. So I don't – I don't – I didn't follow. Did Finn file a motion to reopen on behalf of Huerta or not? Your Honor, no motion to reopen was filed on behalf of Huerta. And I believe there's one page in the record where Petitioner indicates that he did not seek to challenge his view. It's page 61 of the record where Petitioner said he believed there was no chance to reappeal. So he didn't reappeal. Well, the motion to reopen, there was no motion to reopen filed after he got married within the 90 days? Right, Your Honor. That's factually correct. Nothing was filed. Okay. That's factually correct. Yes. And you're saying that that's not ineffective assistance? Well, no, Your Honor. I'm saying that Petitioner himself indicates on page 61 of the record that he believed there was no reason to further appeal. There was no hope. I don't have page 61 of the record in front of me. What is that? Isn't it because he was told it wouldn't make any difference? I mean, not being married? Well, I don't the record doesn't indicate whether or not Petitioner was even in communication with his prior counsel, whether prior counsel was even aware that he was married. Petitioner's statement in his motion to reopen before the board, the declaration that he attached in support of his motion to reopen, just states that he believed there was real, real hope of appealing. So I don't the record doesn't indicate that Finn was even aware that Petitioner was married, at least I'm not. I have no indication that Finn was aware that he was married and now eligible for adjustment of status. But we do know from the motion to reopen, at least it's represented in that motion, that Huerta asked him about getting married. Well, yes. In 2004, while removal proceedings were pending, but we're talking right now about within the 90-day period after the board's decision and before the timely motion to reopen period would have expired. Okay. Unless the Court has any other questions, the government's position today is that reamend is not warranted because the board correctly determined that prior counsel did not render ineffective assistance to counsel. Thank you. I'd like to direct the Court to page 176 of the record, which is Finn's brief, where he states, He has lived in the United States since he was a baby. Now he is married to a United States citizen, and he has a baby of his own. Which brief is this? This is Finn's brief to the BIA in 2004. Okay. In actuality, Petitioner was not married yet because they didn't believe it was relevant, but they had an ongoing relationship for living together and had a child. So Finn thought they were married. Finn thought they were married. Again, permanent resident, deportable for a firearms offense, married to a U.S. citizen. That's Rainford. As to the other issues, as far as the motion to reopen, there's two cases that are relevant on preserving eligibility for relief and ineffective assistance of counsel claims. The recent Singh 2011 case, which was 28-J to the Court, and the Mohammed case, both established that there's an obligation to maintain eligibility for relief. So the first error that Finn did was failing to appeal moral serpitude. If the Board had ruled in 2005 and, let's say, I was hired then to do a motion to reopen, we would have lost, because the Board would have found that Huerta was not eligible for adjustment of status and would have denied the motion to reopen because the CIMT issue was not appealed. But why wasn't it a tactical decision to concentrate on the aggravated felony – on the aggravated felony, because that's what would prevent cancellation of removal? Why wouldn't that be a tactical decision? Because there were two forms of relief available, potentially. One was cancellation of removal, and the other was adjustment of status. So if Finn believed that Huerta was married to a U.S. citizen, that would have been the most obvious form of relief. But why is it ineffective assistance of counsel to make a decision to concentrate on one rather than the other? Is it ineffective assistance of counsel to think that one is stronger than the other? If you were a criminal defense attorney and you chose one defense as opposed to a different defense, why wouldn't that be a legitimate tactical decision? Because not one shred of case law disposed of this argument or addressed it. This simply was not a poor argument. I mean, it's still a good argument, and even in 2004 it was a good argument. Again, had there been some case law suggesting remotely that a person who has knowledge of another person in his car discharging a firearm, if that's moral turpitude, then maybe that would have been a good strategy call. But nothing existed onto that. I mean, the base moral depraved standard was out there. It existed since 1944. And nothing foreclosed this argument. But aren't we second-guessing the attorney's tactical decision if we say he should have pursued the CIMT as opposed to the aggravated felony? And are we permitted to do that when we're determining whether or not the board abused his discretion? Your Honor, the attorney never responded to say that he had a tactical decision. So the board is actually assuming that's the case without articulating what that tactical reason would have been. If anything, the board is assuming there was a strategy. But generally we do assume that. When we're looking at ineffective assistance of counsel in the criminal context, we do assume that the attorney had a reason for doing what they did. Sure, Your Honor. And in this Court's case law, I think that's the case when the attorney responds. But here the Court's looking as to whether competent counsel would have acted otherwise. And I don't think there's any claim that he could have. Well, we have to look at what an objectively reasonable lawyer would do, given that we have no factual statement on the record. You're not saying he should not have pursued the aggravated felony issue. Oh, no, Your Honor. You're saying he should have pursued both. Both. We routinely do that. I understand. But I'm just curious as to whether he's required to pursue both in order to avoid being labeled ineffective. I'm not sure that that's true under our case law. All right. If there's nothing further? All right. Thank you, counsel.
judges: Wardlaw, Paez, Rawlinson